IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

TERRY JONES,

     Plaintiff,

v.                                                        Civil Action No. 2:11-CV-94
                                                        (BAILEY)

UNITED STATES OF AMERICA,

     Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

I.    **Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 40]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on July 31, 2012 [Doc. 40]. In that filing, the magistrate judge recommends that the defendant's Motion For Partial Dismissal [Doc. 30] be denied and a Scheduling Order be entered in this proceeding.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. On August 14, 2012, the Government filed timely objections to the R&R [Doc. 41]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## II. Background

### A. Factual Allegations

Plaintiff Terry Jones is a prisoner who was convicted of violations of the District of Columbia code. In December 2007, Jones was housed in the B-2 Pod of Unit B at USP Hazelton in Bruceton Mills, West Virginia. Duane Evans, from Baltimore, Maryland, was a prisoner also housed in the B-2 pod at this time. Prisoner Evans had been removed from the B-2 Unit for disciplinary segregation; during this time, his tennis shoes went missing. Evans believed that a D.C. inmate took his shoes and stated that he would kill whoever had done so.

On December 20, 2007, Jones was in the B-2 Unit for the 4:00 p.m. prisoner count. During the count, Evans returned to the B-2 Unit and rang the doorbell to be admitted into the housing unit. Unit Manager D. LeMaster opened the door for Evans. Before the door was closed, Evans motioned to two inmates who were not assigned to the B-2 Unit to follow

him into the housing unit. LeMaster yelled "they've got knives" and "ran and hid" from the armed prisoners. Evans and the two other inmates produced knives and attacked inmates. One of the armed prisoners began chasing Jones, attempting to stab him. While Jones attempted to run from the armed prisoner, he slipped in a "pool of blood . . . hitting his neck and back on a metal stairwell and injuring his left knee."

According to Jones, LeMaster violated Bureau of Prisons policy and protocol by opening the unit door during the count and by failing to stop inmates who did not live in the unit while they were in the hallway and before they could access the housing unit. Specifically, Jones alleges that policy dictates that disciplinary action be taken against inmates "out of place" during count. Jones also claims that LeMaster failed to abide by employee standards that required him to respond immediately to the emergency situation. Finally, Jones alleges that LeMaster failed to protect the unit from the armed prisoners.

**B.     Procedural History**

On June 23, 2011, Jones filed the instant action in the United States District Court for the District of Columbia [Doc. 1]. Pursuant to the Federal Tort Claims Act ("FTCA"), the plaintiff sues the United States for, *inter alia*, negligence. Jones filed a First Amended Complaint [Doc. 2] on June 27, 2011, maintaining the same causes of action. On October 27, 2011, the United States District Court for the District of Columbia transferred the case to this Court [Doc. 12].

On January 19, 2012, the Government filed a Motion for Partial Dismissal [Doc. 30]. In the motion, the Government argues that Jones' negligence claim should be dismissed pursuant to Federal Rule of Civil Procedure12(b)(1) because "the discretionary function

exception to the waiver of sovereign immunity under the FTCA precludes the plaintiff's failure to protect claim" ([Doc. 31] at 5).  On February 6, 2012, Jones filed an Opposition to Defendant's Motion for Partial Dismissal [Doc. 33], arguing that the discretionary function exception is inapplicable to this case.  On July 31, 2012, the magistrate judge issued the instant R&R [Doc. 40], recommending that this Court find the discretionary function exception inapplicable and deny the defendant's Motion for Partial Dismissal.  The United States objected on August 14, 2012 [Doc. 41], and Jones responded on August 28, 2012 [Doc. 42].

### III.  Applicable Standards

#### A.  Federal Tort Claims Act ("FTCA")

Pursuant to the FTCA, the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States; however, the United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA.  See **Dalehite v. United States**, 346 U.S.15, 30-31 (1953).  Where such a waiver exists, the United States is liable in the same manner and to the same extent as a private individual under like circumstances in accordance with the law of the place where the act or omission occurred.  28 U.S.C. §§ 2674 and 1346(b)(1); **Medina v. United States**, 259 F.3d 220, 223 (4th Cir. 2001).  In West Virginia, the plaintiff must establish three elements in a negligence suit: (1) a duty that the defendant owes to the plaintiff, (2) a negligent breach of that duty, and (3) injuries received as a proximate result from that breach.  **Webb v. Brown & Williamson Tobacco Co.**, 121 W. Va. 115, 2 S.E.2d 898, 899 (1939).  The plaintiff must

prove these elements by a preponderance of the evidence. *Id.* at 899.

Pursuant to the FTCA, the BOP owes prisoners a duty of care that specifically requires the BOP to provide for the safekeeping, care, subsistence, and protection of all prisoners. *See* 18 U.S.C. § 4042; **United States v. Muniz**, 374 U.S. 150 (1963). Under West Virginia law, the duty of care that the BOP owes to inmates is one of reasonable care. *See* **McNeal v. United States**, 979 F.Supp. 431 (N.D. W. Va. 1997).

The liability of the United States under the FTCA is subject to various exceptions contained in 28 U.S. C. § 2680, including the "discretionary function" exception at issue here. That exception provides that the Government is not liable for "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." § 2680(a). The Supreme Court of the United States has articulated a two-part test to determine whether the discretionary function exception applies to a particular case. *See* **United States v. Gaubert**, 499 U.S. 315 (1991). A court must first determine whether the nature of the conduct "'involves an element of judgment.'" *Id.* at 322 (internal citations omitted). "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" *Id.* (quoting **Berkovitz v. United States**, 486 U.S. 531, 536 (1988)). Next, a court must determine whether that judgment is based upon considerations of public policy. *Id.* at 323. "Where this discretionary function exception applies, the courts lack federal subject matter jurisdiction." **Holbrook v. United States**, 673 F.3d 341, 345

(4th Cir. 2012) (internal citation omitted).  The plaintiff bears the burden of proving that the discretionary function exception does not apply.  See **Indem. Ins. Co. of N. Am. v. United States**, 569 F.3d 175, 180 (4th Cir. 2009) (citing **Welch v. United States**, 409 F.3d 646 (4th Cir. 2005)).

    **B.**    **Rule 12(b)(1)**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  A defendant may challenge subject matter jurisdiction in two different ways.  **Adams v. Bain**, 697 F.2d 1213, 1219 (4th Cir. 1982).  The first method is a facial challenge asserting that the court's subject matter jurisdiction was not properly pleaded by the plaintiff.  **Id.**  The second approach is a factual allegation that the "jurisdictional allegations of the complaint were not true."  **Id.**  When reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff.  **Id.**  If the defendant claims that the jurisdictional allegations in the complaint are not true, the court may "then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations."  **Id.**

**IV.**    <u>Discussion</u>

In its Objections, the Government challenges Magistrate Judge Joel's conclusion that the discretionary function exception is inapplicable here.  Therefore, this Court will accord a *de novo* review to that issue by determining: (1) whether LeMaster's conduct, as alleged, involved an element of judgment or choice, and (2) if necessary, whether that

judgment or choice was based upon considerations of public policy.

Jones alleges that Lemaster was negligent for (1) allowing Evans into the pod after the door had been closed for the 4:00 p.m. count and (2) failing to stop the armed men who had started a riot in the pod. (See [Doc. 2] at ¶¶ 1-2). As explained below, this Court finds that neither of Lemaster's decisions, as alleged, involved discretion.

"A government employee's conduct does not involve discretion where a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow and the employee has not rightful option but to adhere to the directive." **Holbrook**, 673 F.3d at 345 (internal quotations and citation omitted).

Here, Jones alleges, albeit without citation, that Lemaster violated BOP policy and other mandatory directives:

(1) "[T]he final scheduled move before the afternoon count is from 3:30 p.m. to 3:45 p.m. At all other times, inmates are not permitted in unauthorized areas, such as hallways . . .." ([Doc. 2] at ¶ 22).

(2) "During count, inmates are required to be in their assigned housing unit . . .. [T]he 10:00 a.m. and 4:00 p.m. counts are mandatory stand-up counts where the inmate is required to stand next to his bed and be observed and counted." (Id. at ¶ 23).

(3) "[P]ursuant to BOP policy and protocol, the two inmates who entered the B-2 unit with Evans were not housed in the B-2 unit and were not authorized to be in the B-2 unit at any time. Mr. Lemaster violated BOP policy by permitting inmate movement at an unauthorized time, and by unlocking the door to the unit and admitting Evans late as well as admitting the inmates who did not live in the B-2 unit." (Id. at ¶ 26).

(4) "Lemaster further violated BOP policy and protocol by opening the unit door during count, even for an inmate who lived in the unit." (Id. at ¶ 27).

(5) "Policy dictates that staff will take disciplinary action if an inmate is not in his assigned area during a count. Disciplinary action will also be taken against an inmate for leaving an assigned area before the court has cleared or for interfering with the count process." (Id. at ¶ 28).

(6) "LeMaster ran and hid from the intruders – failing to abide by the employee standards requiring him to respond immediately and effectively to an emergency situation and failing to protect the unit from the armed inmates." (Id. at ¶ 30).

The United States does not deny that any of these alleged policies exist. Instead, the United States complains in its motion and objections that Jones fails to cite to particular policies or procedures. At this stage, however, this Court finds Jones' general allegations sufficient, especially in light of the fact that the policies and procedures necessary to identify particular citations, should relevant policies and procedures exist at all, are in the possession of the United States. Importantly, as alleged, these policies appear to leave no room for discretion and instead mandate a particular course of action. As such, Jones has sufficiently pled that the first element of the discretionary function exception is not satisfied. Thus, it is not necessary at this time to consider whether any discretion was based upon considerations of public policy. Accordingly, this Court concludes that Jones has adequately established the prima facie case of subject matter jurisdiction necessary to survive a 12(b)(1) motion at this stage.

## V.     Conclusion

Upon careful review , it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 40]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  As such, the Government's Objections **[Doc. 41]** are **OVERRULED**.  Accordingly, the Government's Motion for Partial Dismissal **[Doc. 30]** is hereby **DENIED**.

Pursuant to Federal Rules of Civil Procedure 16 and 26(f) and Local Rule of Civil Procedure 16.01(b), the parties to this action shall meet in person or by telephone on or before **September 28, 2012**.  At this meeting, the parties shall discuss all matters required by Federal Rules 16 and 26(f) and Local Rule 16.01(b).

Pursuant to Federal Rule 16(f) and Local Rule16.01(c), the parties shall submit to this Court a written report on the results of the initial discovery meeting on or before **October 12, 2012**.  This report shall include the parties' report on those matters set forth in Local Rule 16.01(b)(1-5) and 16.01(c) and the parties' discovery plan as required by Federal Rule 26(f). The parties may refer to Form 52 of the Federal Rules of Civil Procedure for an example of a report on a planning meeting. However, the parties should be certain to supplement Form 52 with Local Rule16.01(b)(1-5) and 16.01(c) disclosures. The parties' report on their meeting shall be considered by this Court as advisory only. Parties and counsel are subject to sanctions as set forth in Federal Rule16(f) and Local Rule 37.01 for failure to participate in good faith in the development and submission of a meeting report and proposed discovery plan.

Upon receipt of the meeting report and proposed discovery plan, this Court may conduct a scheduling conference at a date and time deemed appropriate. See Fed. R. Civ. P. 16(b) and L.R. Civ. P. 16.01(d). However, if this Court determines, after a review of the meeting report and proposed discovery plan that a scheduling conference is not necessary, no conference will be scheduled and a scheduling order will be entered. See Fed. R. Civ. P. 16(b) and L.R. Civ. P. 16.01(c).

Finally, pursuant to Federal Rule 26(a)(1) and Local Rule 26.01(a), each party shall provide to every other party the initial discovery disclosures required under Federal Rule 26(a)(1) on or before **October 29, 2012**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein along with copies of this Court's Scheduling Order Checklist.

**DATED**: August 29, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

_____
Plaintiff(s),

v.

                                        Civil Action No. _____

_____
Defendant(s).

## **SCHEDULING ORDER CHECKLIST**
ATTORNEYS

1. INTERMEDIATE PRETRIAL CONFERENCE

    _____

2. MEDIATION            Before -     _____
3. JOINDER AND AMENDMENTS

    _____

4. EXPERT DISCLOSURE
   
   a. With Burden     _____
   
   b. Without Burden  _____

5. EXAMINATION/INSPECTIONS

    _____

6. DISCOVERY COMPLETION     _____

7. DISPOSITIVE MOTIONS      _____

                                      _____ Responses

                                      _____ Replies

    8. PRETRIAL DISCLOSURES, FED R. CIV PRO 26(a) 3

                                                                                                                                 _____

                a. Objections      _____

    9. JURY INSTRUCTIONS, VOIR DIRE and VERDICT FORMS

                                            _____

                a. Objections      _____

    10. MOTIONS IN LIMINE      _____

                a. Objections      _____

    11.  BIOGRAPHICAL SKETCHES      _____

    12. JOINT FINAL PRETRIAL CONFERENCE ORDER

                                                  _____

    13. FINAL PRETRIAL CONFERENCE  _____

    14. Trial                                       _____

        (If non-jury trial, Proposed Findings of Fact
        and Conclusions of Law are to be filed with Court
        and opposing counsel _____)